IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Wiley Y. Daniel

Civil Action No. 94-cv-01028-WYD

LAWRENCE P. HANDY,

    Petitioner,

v.

JAMES ABBOTT,[1] and
GALE NORTON, The Attorney General for the State of Colorado,

    Respondents.

---

ORDER TO CONSTRUE FED. R. CIV. P. 60(b) MOTION AS
28 U.S.C. § 2254 APPLICATION AND
TO TRANSFER APPLICATION TO THE COURT OF APPEALS

---

    Petitioner Lawrence P. Handy is in the custody of the Colorado Department of Corrections (DOC) and currently is housed at the Colorado State Penitentiary in Cañon City, Colorado.  Mr. Handy has filed a Fed. R. Civ. P. 60(b) Motion in the instant action. For the reasons stated below, the Motion will be construed as a successive 28 U.S.C. § 2254 habeas petition and will be transferred to the United States Court of Appeals for the Tenth Circuit.

    On May 2, 1994, Mr. Handy filed the original Petition in the instant action, pursuant to 28 U.S.C. § 2254, challenging his conviction in the State of Colorado Criminal Case No. 86-CR-2134.  The Court dismissed the Petition, on November 16, 1994, for failure to exhaust state court remedies.

---

    [1] In the original Petition filed in the instant action, Frank Miller was named as a respondent as he was Applicant's custodian at that time.  Applicant now has named James Abbott, his current custodian.

Mr. Handy also has filed several other § 2254 actions in this Court challenging his state conviction in Case No. 86-CR-2134, including **Handy v. Abott, et al.**, No. 04-cv-00816-ZLW (D. Colo. Apr. 29, 2004) (transferred to the court of appeals pursuant to 28 U.S.C. § 1631) (unpublished), *appeal dismissed*, No. 04-1204 (10th Cir. July 1, 2004) (denied on the merits) (unpublished); **Handy v. Burnett, et al.**, No. 01-cv-01563-ZLW (D. Colo. Oct. 19, 2001) (transferred to the court of appeals pursuant to § 1631) (unpublished), *appeal dismissed, et al.*, No. 01-1498 (10th Cir. Nov. 30, 2001) (dismissed pursuant to Mr. Handy's request) (unpublished); and **Handy v. Henderson, et al.**, No. 95-cv-00489-ZLW (D. Colo. Nov. 30, 1995) (dismissed for failure to exhaust and for failure to demonstrate cause for default in state court and actual prejudice as a result of applicant's alleged violation of federal law) (unpublished), *aff'd*, No. 95-1542 (10th Cir. Aug. 20, 1996), (affirmed in part for failure to exhaust and in part on the merits) (unpublished).

In the Rule 60(b) Motion, Mr. Handy requests that the Court accept jurisdiction and review the claims he asserts in the Motion. Applicant contends that jurisdiction is appropriate because the instant action was dismissed without prejudice. Also in the Motion, Mr. Handy asserts that he should be released from the DOC because defective prior convictions were used to support the habitual crime offense of which he was convicted in Case No. 86-CR-2134.

Under **Gonzales v. Crosby**, 545 U.S. 524 (2005), a true 60(b) motion challenges either the federal habeas court's rulings on procedural issues in which the rulings precluded a proper determination on the merits or a defect in the integrity of the federal habeas proceeding, as long as the challenge does not attack a prior habeas

petition on the merits. **See Spitznas v. Boone**, 464 F.3d 1213, 1215-16 (10th Cir. 2006). This Court's dismissal without prejudice for failure to exhaust state court remedies in the instant action does not entitle Mr. Handy to proceed with a Rule 60(b) motion in this action. This Court addressed Mr. Handy's prior convictions habeas claims in Case No. 95-cv-00489-ZLW, after he attempted to exhaust the claims in state court. Furthermore, the Tenth Circuit affirmed the Court's dismissal in Case No. 95-cv-00489-ZLW.

Even if the Court were to consider Mr. Handy's Rule 60(b) Motion as properly filed in the instant action, the Motion suffers from several defects. A Rule 60(b) motion must be filed within a reasonable time, and an applicant must show extraordinary circumstances justifying a reopening of the final judgment. **See Gonzalez**, 545 U.S. at 534-35 (citations omitted). The time for filing Mr. Handy's Rule 60(b) Motion is well beyond reasonable. Moreover, under Rule 60(b)(1) and (3) the motion must be filed not more than a year after the judgment. As for Applicant's reliance on Rule 60(b)(4), he provides no basis for his argument that the judgment is void.

The only argument Mr. Handy sets forth in the Motion is that his three prior convictions were fatally defective due to extrinsic fraud by all parties. (Mot. at 2-3.) Mr. Handy's claim of extrinsic fraud sets forth a claim of error in his state conviction, not an error by this Court. Even if the Court were to conclude that the Motion was filed within a reasonable time, Mr. Handy's extrinsic fraud claim is equivalent to a successive habeas petition. **Id.** at 533-38.

Pursuant to 28 U.S.C. § 2244(b)(3), Mr. Handy must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider a

second or successive application. Mr. Handy fails to allege that he has obtained the necessary authorization from the Tenth Circuit. The Court, therefore, must transfer the action to the Tenth Circuit pursuant to 28 U.S.C. § 1631. ***See Coleman v. United States***, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam). Accordingly, it is

ORDERED that the Clerk of the Court is directed, pursuant to 28 U.S.C. § 1631, to transfer the action to the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that Applicant's request for appointment of counsel in the instant action (Doc. No. 27), filed July 20, 2007, is denied.

Dated: August 27, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge