IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Wiley Y. Daniel

Civil Action No. 94-cv-01028-WYD

LAWRENCE P. HANDY,

      Petitioner,

v.

JAMES ABBOTT, and
GALE NORTON, The Attorney General of the State of Colorado,

      Respondents.

_____

ORDER

_____

      Petitioner Lawrence P. Handy is in the custody of the Colorado Department of

Corrections (DOC) and currently is housed at the Colorado State Penitentiary in Cañon

City, Colorado.  On September 24, 2007, Petitioner filed two *pro se* pleadings, one

titled "Motion to Remand Back to the Federal District Court," and the other "Response

to the Court Order to Construe Fed. R. Civ. P. 60(b) Motion as 28 U.S.A. U.S.C. § 2254

Application and to Transfer Application to the Court of Appeals."  The Court must

construe the pleadings liberally because Mr. Handy is a *pro se* litigant.  ***See Haines v.***

***Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir.

1991).  For the reasons stated below, the Court will not consider the Motion to Remand

and will construe the Response as a Motion to Reconsider and deny the Motion.

Mr. Handy's Motion to Remand more properly is filed in the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) in keeping with the Tenth Circuit's September 6, 2007, Letter sent to Petitioner.

As for Petitioner's Response to the Court Order, the Response more properly is construed as a Motion to Reconsider the Court's August 27, 2007, Order.  Mr. Handy is challenging the Court's decision to construe his May 23, 2007, Motion as a successive 28 U.S.C. § 2254 application and to transfer the application to the Tenth Circuit.  A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b).  ***See id.*** at 1243.

Mr. Handy's September 24, 2007, Response was filed more than ten days after the Court's August 27, 2007, Order.  The Court, therefore, construes the Response as a Motion to Reconsider filed pursuant to Rule 60(b).  Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  ***See Massengale v. Oklahoma Bd. of Examiners in Optometry***, 30 F.3d 1325, 1330 (10th Cir. 1994).

Mr. Handy's May 23, 2007, successive application currently is pending before the Tenth Circuit.  A federal district court lacks jurisdiction to grant a rule 60(b) motion when an appeal is pending before a federal court of appeals in the action.  A district court, however, is free to consider the motion and either deny the motion on the merits

or notify the Tenth Circuit that the Court would grant the motion upon proper remand.

***Aldrich Enters., Inc. v. United States***, 938 F.2d 1134, 1143 (10th Cir. 1991).

To the extent that a transfer under § 1651 would be treated the same as an appeal, and the Court has jurisdiction to consider the September 24, 2007, Motion to Reconsider, the Court finds no extraordinary circumstances that justify the granting of Petitioner's September 24, 2007, Motion on a proper remand from the Tenth Circuit. The September 24, 2007, Motion is nothing more than a restatement of Petitioner's May 23, 2007, successive application.  Therefore, the Motion to Reconsider will be denied.  Accordingly, it is

ORDERED that Petitioner's Motion to Remand Back to the Federal District Court (Doc. No. 31), filed September 24, 2007, is inappropriately filed in this Court and shall not be considered by the Court.  It is

FURTHER ORDERED that Petitioner's Response to the Court Order (Doc. No. 32), filed September 24, 2007, is construed as a Motion to Reconsider the Court's August 27, 2007, Order, under Fed. Rule Civ. P. 60(b), and is DENIED.

Dated:  October 3, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge